UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GEORGE A. ARIEUX, JR., ET AL.           CIVIL ACTION

VERSUS                                  NUMBER  06-5144

ALLSTATE COMPANIES                      SECTION "L" (1)

### ORDER & REASONS

Before the Court is the Plaintiffs' Motion for New Trial (Rec. Doc. 18).  For the following reasons, the Plaintiffs' motion is now DENIED.

The facts of this case are detailed in the Court's Order and Reasons dated April 2, 2007. *See* Rec. Doc. 16.  Therefore, rather than recount the factual background of the case, the Court will proceed directly to the substance of this motion.

Since the *Federal Rules of Civil Procedure* do not specifically recognize a motion for reconsideration, such motions are treated as either a motion to alter or amend judgment under Rule 59(e) or a motion for relief from judgment or order under Rule 60(b).  *See Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).  Because the Plaintiffs' motion was filed within ten days of the rendition of judgment, it shall be governed by Rule 59(e).  *Lavespere*, 910 F.2d at 173.

"Courts in this district hold that a moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion:  (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; [or] (4) the motion is justified by

1

an intervening change in the controlling law." *Motiva Enters. LLC v. Wegmann*, No. 00-3096, 2001 WL 246414 (E.D. La. Mar. 12, 2001). In the instant motion, the Plaintiffs argue that in granting the Defendants' motion to dismiss, the Court did not consider extrinsic evidence relating to the "reasonableness" of the Plaintiffs' expectations and dealings with Allstate. Thus, the Plaintiffs argue that the Court committed an error of law by "ignoring" purported genuine issues of material fact.

First, the Court notes that it did not treat the Defendants' motion to dismiss as one for summary judgment, contrary to the Plaintiffs' contention in their new trial motion. *See* Order & Reasons dated Apr. 2, 2007 at 2 n.1 (Rec. Doc. 16). Instead, following *Lane v. USAA Casualty Insurance Co.*, No. 06-5147, 2007 WL 854310 (E.D. La. Mar. 15, 2007) and *Proctor v. State Farm Co.*, No. 06-5145 (E.D. La. Feb. 5, 2007), the Court found no ambiguities in the policy at issue and therefore interpreted it according to its plain language. Thus, the Court was not required to consider the expectations of the parties nor any other extrinsic evidence. Accordingly, IT IS ORDERED that the Plaintiffs' Motion for New Trial (Rec. Doc. 18) is DENIED.

New Orleans, Louisiana, this 5th day of June, 2007.

_____
UNITED STATES DISTRICT JUDGE